Date __11/14/18__ Time _1842p_

~~_signature_~~

Special Process Server
Special Services of Jax, Inc.
(904) 358-2122

## SUMMONS

| | |
|---|---|
| **Thirteenth Judicial District Court**<br>Sandoval County, New Mexico<br>1500 Idalia Rd., Bldg A<br>Bernalillo, NM 87004<br>**Court Telephone: (505) 867 - 2376** | Case Number: D-1329-CV-2018-02344<br><br>Judge:  Hon. _JOHN F. DAVIS_ |
| Plaintiff:   Chris Dendy<br>v.<br>Defendants: Diversified Consultants Inc.<br>and Jane Does 1-10 | Defendant name:<br>DIVERSIFIED CONSULTANTS INC.<br>Address:<br>c/o your Registered Agent    JOHN<br>CRAWFORD at 1200 Riverplace Blvd<br>#800 in Jacksonville, Florida |

### TO THE ABOVE NAMED DEFENDANT: Take notice that:

1.       A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.       You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.       You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.       If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.       You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.       If you need an interpreter, you must ask for one in writing.

7.       You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Bernalillo, New Mexico, this ___5th___ day of November, 2018

CHRISTAL R. BRADFORD
CLERK OF COURT                                        /s/ Sid Childress

By: /s/ Kayla Breceda
       Deputy



SEAL

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
505-433-9823
Attorney for Plaintiff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.



EXHIBIT

A

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
11/3/2018 3:40 PM
CHRISTAL BRADFORD
CLERK OF THE COURT
Kayla Breceda

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

CHRIS DENDY,

          Plaintiff,

v.                                  case no.  D-1329-CV-2018-02344

DIVERSIFIED CONSULTANTS INC.,
and Jane Does 1-10,

          Defendants.

## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS

TO THE HONORABLE COURT:

### Introduction

1.     Plaintiff Chris Dendy ("Plaintiff") is a real person residing in Sandoval County, New Mexico who may be contacted through his undersigned attorney.

2.     Plaintiff brings this action pursuant to the anti-harrassment provisions of the Telephone Consumer Protection Act ("the TCPA"), 47 U.S.C. § 227, a statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance commercial telephone calling. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). The TCPA is intended to protect consumer privacy by prohibiting certain unsolicited, autodialed or pre-recorded message calls.

1

3.     In 1991 when Congress passed the TCPA it made a finding that "more than 300,000 solicitors call more than 18,000,000 Americans every day". *FCC Report and Order 03-153, July 3, 2003, paras. 8 & 66* (hereinafter "FCC 03"). As of FCC 03 "the number of **daily calls** [had] increased five fold (to an estimated 104 **million**) due in part to the use of new technologies such as predictive dialers." *Id.*

4.     "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the FCC. *See Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780 ¶1 (July 10, 2015).

5.     The Omnibus TCPA Order of July 10, 2015 provides more detail at its paragraph 5:

> "Despite the Commission's efforts to protect consumers without inhibiting legitimate business communications, TCPA complaints as a whole are the largest category of informal complaints we receive. Between 2010 and 2012, consumer complaints about calls to wireless phones doubled, to an average of over 10,000 complaints per month in 2012. In 2013 and 2014, the Commission received roughly 5,000 or 6,000 such complaints per month, lower than in 2011 and 2012, but still a substantial monthly total that is persistently one of the top consumer concerns. The Federal Trade Commission (FTC) reports that it received "approximately 63,000 complaints about illegal robocalls each month" during the fourth quarter of 2009, but that "[b]y the fourth quarter of 2012, robocall complaints had peaked at more than 200,000 per month."

6.     The TCPA established a private right of action to receive $500 for each violation of the statute's Subsection B and its implementing regulations. These statutory damages may be trebled by the Court in its discretion for willful or knowing violations.   Liability is "per violation" (not "per call").   *See*  47 U.S.C. § 227(b)(3).

2

**the Defendants**

7.      Diversified Consultants Inc. ("Diversified" or "Defendants") is a Florida corporation that may be served a Summons by delivery to its registered agent John Crawford at 1200 Riverplace Blvd. #800 in Jacksonville, Florida or wherever he may be located.

8.      Defendants Jane Does 1-10 ("Jane Does" or "Defendants") are real persons including Diversified's officers or directors who substantially directed, operated, controlled, conspired and/or participated with Diversified in the auto-dialing described below that unlawfully harassed Plaintiff.  Their identities and whereabouts will be discovered so that process can be duly served on them.

9.      Diversified holds itself out as a debt-collection company with special expertise in the use of telecommunications.  For example, on its website at www.dcicollect.com Diversified advertises its "Call Center Services" including "Nearshore and Offshore Facilities"[1]  and "Technology and Analytics".[2]

10.      Diversified's website at www.dcicollect.com  includes a link to its Better Business Bureau profile.  That profile, as of the date of this writing, documents 968 Customer Complaints within the past 3 years and 39 reviews complaining about behavior such as

---

[1]      The Court can take judicial notice of factual information found on the internet, particularly the undisputed statements of a party to the case.  See for example *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007).

[2]      Diversified states   "Technology is at the heart of our call center success.  Through our experience we have created technology, tools and guidelines to create a positive customer experience.  Our KPI Dashboards and reporting metrics allow our management to keep their finger on the pulse of phone call results.  We are capable of connecting our call center software to the systems of our clients to create a seamless flow of information between our organizations."

3

multiple, repeated harrassive phone calls to incorrect numbers.

11.    The federal Consumer Financial Protection Bureau maintains a public, readily accessible consumer complaint database, available at www.consumerfinance.gov, which as of the date of this writing discloses 3779 complaints about Diversified.    The most recent complaints are descriptively categorized as: "You told them to stop contacting you, but they keep trying"; "Debt is not yours"; "Frequent or repeated calls"; etc.

12.    Diversified clearly does not care who it calls with its technology and analytics machines and has not developed or adopted reasonable procedures to avoid calling cell phones with auto-dialers or to insure that the cell phone called is actually the number of a debtor it has a right to attempt to collect debt from.

13.    Defendants use robo-calling because robo-calling allows for thousands of automated calls to be initiated in a very short period of time, but their representatives only need actually spend time on the phone with the few legitimate debtors who are located.  Defendants thereby illegally shift the burden of aggravation and wasted time to the public at large and away from themselves where it belongs.

### Jurisdiction and Venue

14.    Plaintiff and his telephone were physically located in New Mexico at the time of the illegal phone calls the subject of this Complaint that Defendants and/or their agents harassed him with.  Plaintiff resides in Rio Rancho in Sandoval County.  Thus venue is proper.

15.    Defendants do business in New Mexico because Defendants regularly, automatically, repeatedly telephone the telephones of New Mexico residents located within New Mexico for the purpose of collecting debts.  Diversified engages in telephonic debt-collection activity

4

throughout the State of New Mexico. By directing phone calls into the forum state for their own commercial or debt-collection purposes, Defendants made themselves subject to the personal jurisdiction of the courts of the forum state.

16.     The TCPA was intended to give consumers re-dress even in their local small claims courts where they reside. See again for example *Mims v. Arrow Fin. Servs., LLC*, supra, 132 S.Ct. at 745-751. This Court has subject matter jurisdiction.

**The Illegal Phone Calls to Plaintiff that Defendants are Responsible For**

17.     Plaintiff uses for his personal or residential purposes a wireless or cell phone assigned the number **505-507-7775**.

18.     Defendants or their agents have repeatedly called Plaintiff's cell phone number 505-507-7775 with an automatic telephone dialing system ("auto-dialer") that caused Plaintiff's Caller ID service to indicate the call was from "**505-336-6855**".

19.     Calls to Plaintiff's cell phone from "505-336-6855" came in a repetitive, obnoxious manner that indicates the calls were automated and sent on a mass scale throughout New Mexico's 505 area code in a manner that is not practicable to accomplish manually or with human intervention for each call.

20.     Plaintiff has never consented to being auto-dialed or robo-called by Defendants.

21.     Plaintiff has never had any pre-existing or business relationship with Defendants.

22.     Plaintiff has never owed any debt or delinquent account that has been assigned to Defendants to collect.

23.     Plaintiff has had the cell phone number 505-507-7775 since 2012 and that number had been continuously listed by Plaintiff on the National Do-Not-Call Registry ("the Registry")

for years before Defendants' illegal calls described herein.

24.     Plaintiff contacted Diversified to complain about the calls and demand they stop. When he did, Diversified's representatives said they were looking for "Patricia" at his phone number. Additional reason Plaintiff states Defendants harassed him with an auto-dialer, in addition to the other facts set forth above, is the impersonal nature of calls looking for "Patricia" but directed to a number that has belonged to Plaintiff for over six (6) years.

25.     Plaintiff clearly told Defendants' representatives that 505-507-7775 was his phone number, not that of "Patricia" and that "Patricia" would not be located by calling his phone number.

26.     Additional reason Plaintiff states Defendants harassed him with an auto-dialer is that on 11/1/18 he called Diversified back at 505-336-6855, from his cell phone number 505-507-7775. When he did so a machine operated and controlled by Defendants directed an artificial voice to him that stated: "Based on the phone number you are calling from we may be trying to reach Patricia Martinez. Is this Patricia Martinez?"

27.     Defendants have an auto-dialer system in place that associates certain debtor names with certain phone numbers. That system then proceeds to automatically call those numbers to attempt to locate the debtors. Even after repeated harassment of Plaintiff by Defendants and his seeking Diversified out to inform it it had the wrong number, as of 11/1/18 no human intervention had corrected Defendants' auto-dialer machines.

28.     As evidenced by the initial fact that Plaintiff's phone number at all relevant times has been continuously listed on the Registry, Defendants could not care less that any particular phone number may be listed on the Registry.

29.     Defendants' conduct directed at Plaintiff in New Mexico is knowing, willful, wanton, reckless and/or grossly negligent.

30.     As additional evidence that Defendants' conduct was knowing, wanton, grossly negligent and/or willfull and as set forth above, even after Plaintiff specifically informed Diversified that "Patricia" cannot be reached at his phone number and that he is not any "Patricia" Diversified may be attempting to communicate with, Defendants did not update or correct their auto-dialer system to reflect this information.  Defendants do not have any adequate operational or management systems in place to stop auto-dialer calls to incorrect phone numbers.

31.     Defendants' calls complained of herein aggravated and harrassed Plaintiff, wasted his time, invaded his privacy, disrupted his days, were an obnoxious nuisance and cost him electricity to re-charge her phone.

32.     Defendants had the authority and responsibility to prevent or correct the unlawful practices that are the subject of this Complaint.

33.     Defendants formulated, directed, controlled and participated in the unlawful practices that are the subject of this Complaint.

34.     Defendants directly and personally participated in, ratified, directed and/or authorized the unlawful practices that are the subject of this Complaint.

35.     Mass auto-dialing results in consumer complaints, including as set forth in paragraphs 10 and 11 above.  Diversified knew or consciously avoided knowing that it, its agents or the Jane Doe Defendants herein were engaged in unlawful conduct that violated the TCPA. While knowing or consciously avoiding knowing the same, Defendants continued to provide

7

substantial assistance or support to each other in continuance of their illegal auto-dialing.

**Diversified's  Direct or Vicarious Liability**

36.    For more than 20 years the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

37.    The FCC confirmed this principle again in 2013 when it explained that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party[s]." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).  Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Id.* at 6586 ¶ 34.

38.    The FCC has instructed that defendants may not avoid liability by outsourcing.  The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call.    May 2013 FCC Ruling, 28 FCC Rcd at 6587 n107 (internal citations omitted).

39.    Diversified is directly liable and responsible for the phone calls at issue because it actually made or initiated the calls to Plaintiff, or it substantially participated.   Alternatively Diversified is vicariously liable because it:

   a)    authorized the phone calls;

   b)    directly or indirectly controlled the persons who actually made or initiated the

8

## THIRD SET OF CLAIMS FOR RELIEF - UPA Violations

44.     Defendants' conduct directed at Plaintiff as set forth above is an unconscionable trade practice in the collection of debts.  To Plaintiff's detriment Defendants abused him and took advantage of his lack of knowledge, ability, experience or capacity to a grossly unfair degree. Defendants' conduct resulted in a gross disparity between the value received by Plaintiff and the price he paid.

45.     Plaintiff hereby brings this action pursuant to NMSA § 57-12-10 to recover his statutory damages for Defendants' behavior or $300 for each auto-dialer call to Plaintiff, and for his attorney fees and costs.  As set forth above Defendants' conduct was knowing and/or willful.


        WHEREFORE, Plaintiff prays for entry of judgment for his actual, nominal or statutory and exemplary damages and for such other and further relief as the court deems just, proper and lawful including treble statutory damages.  Plaintiff requests an award of his attorney fees and costs.


                              RESPECTFULLY SUBMITTED,

                   By:    /s/ Sid Childress

                          Sid Childress, Lawyer
                          PO Box 2327
                          Santa Fe, NM 87504
                          childresslaw@hotmail.com
                          (505) 433 - 9823
                          Attorney for Plaintiff

10