IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CHRIS DENDY,

    Plaintiff,

vs.                                            Case No. 1:18-cv-01177-JB-LF

DIVERSIFIED CONSULTANTS INC.,
and Jane Does 1-10,

    Defendants.

## SECOND AMENDED COMPLAINT

TO THE HONORABLE COURT:

### Introduction

1. Plaintiff Chris Dendy ("Plaintiff") is a real person residing in Sandoval County, New Mexico who may be contacted through his undersigned attorney.

2. Plaintiff brings this action pursuant to the anti-harrassment provisions of the Telephone Consumer Protection Act ("the TCPA") and the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. §§ 1692-1692k. The TCPA is intended to protect consumer privacy by prohibiting certain unsolicited, autodialed or pre-recorded message calls.

3. In 1991 when Congress passed the TCPA it made a finding that "more than 300,000 solicitors call more than 18,000,000 Americans every day". *FCC Report and Order 03-153, July 3, 2003, paras. 8 & 66* (hereinafter "FCC 03"). As of FCC 03 "the number of **daily**

**calls** [had] increased five fold (to an estimated **104 million**) due in part to the use of new technologies such as predictive dialers." *Id*.

4. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the FCC. *See Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780 ¶1 (July 10, 2015).

5. The Omnibus TCPA Order of July 10, 2015 provides more detail at its paragraph 5:

> "Between 2010 and 2012, consumer complaints about calls to wireless phones doubled, to an average of over 10,000 complaints per month in 2012. In 2013 and 2014, the Commission received roughly 5,000 or 6,000 such complaints per month, lower than in 2011 and 2012, but still a substantial monthly total that is persistently one of the top consumer concerns. The Federal Trade Commission (FTC) reports that it received "approximately 63,000 complaints about illegal robocalls each month" during the fourth quarter of 2009, but that "[b]y the fourth quarter of 2012, robocall complaints had peaked at more than 200,000 per month."

6. The TCPA established a private right of action to receive $500 for each violation of the statute's Subsection B and its implementing regulations. These statutory damages may be trebled by the Court in its discretion for willful or knowing violations. Liability is "per violation" (not "per call"). *See* 47 U.S.C. § 227(b)(3).

### the Defendants

7. Diversified Consultants Inc. ("Diversified" or "Defendants") is a Florida corporation that has entered its appearance in the above-entitled and numbered cause .

8. Defendants Jane Does 1-10 ("Jane Does" or "Defendants") are real persons including Diversified's officers or directors who substantially directed, operated, controlled and/or

participated with Diversified in the auto-dialing described below.  Their identities and whereabouts will be discovered so that process can be duly served on them.

9. Diversified holds itself out as a debt-collection company with special expertise in the use of telecommunications.  For example, on its website at www.dcicollect.com  Diversified advertises its "Call Center Services" including "Nearshore and Offshore Facilities"[1]  and "Technology and Analytics".[2]

10. Diversified's website at www.dcicollect.com  includes a link to its Better Business Bureau profile.  That profile as of December 2018 documented 968 Customer Complaints within the past 3 years and 39 reviews complaining about behavior such as multiple, repeated harrassive phone calls to incorrect numbers.

11. The federal Consumer Financial Protection Bureau maintains a public, readily accessible consumer complaint database, available at www.consumerfinance.gov, which as of December 2018 disclosed 3779 complaints about Diversified.  The most recent complaints are descriptively categorized as:  "You told them to stop contacting you, but they keep trying"; "Debt is not yours"; "Frequent or repeated calls";  etc.

12. Diversified clearly does not care who it calls with its technology and analytics machines and has not developed or adopted reasonable procedures to avoid calling cell

---

[1]  The Court can take judicial notice of factual information found on the internet, particularly the undisputed statements of a party to the case.  See for example *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007).

[2]  Diversified states  "Technology is at the heart of our call center success.  Through our experience we have created technology, tools and guidelines to create a positive customer experience.  Our KPI Dashboards and reporting metrics allow our management to keep their finger on the pulse of phone call results.  We are capable of connecting our call center software to the systems of our clients to create a seamless flow of information between our organizations."

phones with auto-dialers or to insure that the cell phone called is actually the number of a debtor it has a right to attempt to collect debt from.

13. Defendants use robo-calling because robo-calling allows for thousands of automated calls to be initiated in a very short period of time, but their representatives only need actually spend time on the phone with the few legitimate debtors who are located. Defendants thereby illegally shift the burden of aggravation and wasted time to the public at large and away from themselves where it belongs.

### Jurisdiction and Venue

14. Plaintiff and his telephone were physically located in New Mexico at the time of the illegal phone calls the subject of this Complaint that Defendants and/or their agents harassed him with. Plaintiff resides in Rio Rancho in Sandoval County. Thus venue is proper.

15. Defendants do business in New Mexico because Defendants regularly, automatically, repeatedly telephone the telephones of New Mexico residents located within New Mexico for the purpose of collecting debts. Diversified engages in telephonic debt-collection activity throughout the State of New Mexico. By directing phone calls into the forum state for their own commercial or debt-collection purposes, Defendants made themselves subject to the personal jurisdiction of the courts of the forum state.

16. This Court has subject matter jurisdiction because questions are presented in accordance with federal statutes. 28 U.S.C. 1331; *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). The Court's jurisdiction is cited in Diversified's Notice of Removal.

### The Illegal Phone Calls to Plaintiff that Defendants are Responsible For

17. Plaintiff uses for his personal or residential purposes a wireless or cell phone assigned

the number **505-507-7775**.

18. Defendants or their agents have repeatedly called Plaintiff's cell phone number 505-507-7775 with an automatic telephone dialing system ("auto-dialer") that caused Plaintiff's Caller ID service to indicate the call was from "**505-336-6855**".

19. Calls to Plaintiff's cell phone from "505-336-6855" came in a repetitive, obnoxious manner that indicates the calls were automated and sent on a mass scale throughout New Mexico's 505 area code in a manner that is not practicable to accomplish manually or with human intervention for each call.

20. Plaintiff has never consented to being auto-dialed or robo-called by Defendants.

21. Plaintiff has never had any pre-existing or business relationship with Defendants.

22. Plaintiff has never owed any debt or delinquent account that has been assigned to Defendants to collect.

23. Plaintiff has had the cell phone number 505-507-7775 since 2012 and that number had been continuously listed by Plaintiff on the National Do-Not-Call Registry ("the Registry") for years before Defendants' illegal calls described herein.

24. Plaintiff contacted Diversified to complain about the calls and demand they stop. When he did, Diversified's representatives said they were looking for "Patricia" at his phone number. Additional reason Plaintiff states Defendants harassed him with an auto-dialer, in addition to the other facts set forth above, is the impersonal nature of calls looking for "Patricia" but directed to a number that has belonged to Plaintiff for over six (6) years.

25. Plaintiff clearly told Defendants' representatives that 505-507-7775 was his phone number, not that of "Patricia" and that "Patricia" would not be located by calling his phone

number.

26. Additional reason Plaintiff states Defendants harassed him with an auto-dialer is that on 11/1/18 he called Diversified back at 505-336-6855, from his cell phone number 505-507-7775. When he did so a machine operated and controlled by Defendants directed an artificial voice to him that stated: "Based on the phone number you are calling from we may be trying to reach Patricia Martinez. Is this Patricia Martinez?"

27. Defendants have an auto-dialer system in place that associates certain debtor names with certain phone numbers. That system then proceeds to automatically call those numbers to attempt to locate the debtors. Even after repeated harassment of Plaintiff by Defendants and his seeking Diversified out to inform it it had the wrong number, as of 11/1/18 no human intervention had corrected Defendants' auto-dialer machines.

28. As evidenced by the initial fact that Plaintiff's phone number at all relevant times has been continuously listed on the Registry, Defendants could not care less that any particular phone number may be listed on the Registry.

29. Defendants' conduct directed at Plaintiff in New Mexico is knowing, willful, wanton, reckless and/or grossly negligent.

30. As additional evidence that Defendants' conduct was knowing, wanton, grossly negligent and/or willfull and as set forth above, even after Plaintiff specifically informed Diversified that "Patricia" cannot be reached at his phone number and that he is not any "Patricia" Diversified may be attempting to communicate with, Defendants did not update or correct their auto-dialer system to reflect this information. Defendants do not have any adequate operational or management systems in place to stop auto-dialer calls to incorrect

phone numbers.

31. Defendants' calls complained of herein aggravated and harrassed Plaintiff, wasted his time, invaded his privacy, disrupted his days, were an obnoxious nuisance and cost him electricity to re-charge his phone.

32. Defendants had the authority and responsibility to prevent or correct the unlawful practices that are the subject of this Complaint.

33. Defendants formulated, directed, controlled and participated in the unlawful practices that are the subject of this Complaint.

34. Defendants directly and personally participated in, ratified, directed and/or authorized the unlawful practices that are the subject of this Complaint.

35. Mass auto-dialing results in consumer complaints, including as set forth in paragraphs 10 and 11 above.  Diversified knew or consciously avoided knowing that it, its agents or the Jane Doe Defendants herein were engaged in unlawful conduct that violated the TCPA. While knowing or consciously avoiding knowing the same, Defendants continued to provide substantial assistance or support to each other in continuance of their illegal auto-dialing.

36. Diversified is directly liable and responsible for the phone calls at issue because it actually made or initiated the calls to Plaintiff, or it substantially participated.  Alternatively Diversified is vicariously liable because it:

    a) authorized the phone calls;

    b) directly or indirectly controlled the persons who actually made or initiated the calls;

    c) allowed the callers access to information and operating systems within

Defendants' control;

    d)    allowed the callers to enter consumer information into Defendants' dialing or operational systems;

    e)    approved, wrote or reviewed the callers' telephone scripts and messages;   OR

    f)    Diversified reasonably should have known or consciously avoided knowing that the actual callers were violating the law and it failed to take effective steps within its power to require compliance.

37.    In addition to use of an auto-dialer to make calls to Plaintiff's cell phone as set forth above,  Diversified or its agents also used an artificial or prerecorded voice to make the calls to Plaintiff's cell phone.

38.    Diversified communicated with Plaintiff for the purpose of acquiring location information about "Patricia".

39.    After Plaintiff told Diversified "Patricia" would not be located by calling Plaintiff, Diversified had no reasonable basis for any belief that:

    a)    Plaintiff had given erroneous or incomplete information about "Patricia" or

    b)    Plaintiff later acquired correct or complete location information for Patricia.

But Diversified nevertheless continued to call and communicate with Plaintiff with its auto-dialer and artificial or pre-recorded voices.

    FIRST SET OF CLAIMS FOR RELIEF  -  Violations of the TCPA's Subsection B

40.    The foregoing acts and omissions of Defendants and/or their agents acting on their behalf constitute multiple violations of  47 U.S.C. § 227(b) and its implementing regulations.

41. Plaintiff is entitled to and should be awarded against Defendants $500 in damages for each and every auto-dialer call to his cell phone made or initiated by or on behalf of the Defendants.

42. Each call to Plaintiff additionally violated the statute because each call was also made using an artificial or pre-recorded voice.  Plaintiff should be awarded an additional $500 for each of these additional violations.

43. Because Defendants' conduct set forth above was knowing and/or willful, Plaintiff is entitled to and should be awarded treble damages of up to $1,500 for each and every violation.

## SECOND SET OF CLAIMS FOR RELIEF  -  Common-Law Claims

44. Plaintiff hereby sues Defendants for nuisance and trespass to chattels.

45. Plaintiff should have and recover judgment against Defendants for all his actual damages or all his statutory damages, and for an amount of nominal plus exemplary damages sufficient to set an example and deter in the future the conduct complained of by Defendants or others.

## THIRD SET OF CLAIMS FOR RELIEF  -  UPA Violations

46. Defendants' conduct directed at Plaintiff as set forth above is an unconscionable trade practice in the collection of debts.  To Plaintiff's detriment Defendants abused him and took advantage of his lack of knowledge, ability, experience or capacity to a grossly unfair degree. Defendants' conduct  resulted in a gross disparity between the value received by Plaintiff and the price he paid.

47. Plaintiff hereby brings this action pursuant to NMSA § 57-12-10 to recover his

statutory damages for Defendants' behavior or $300 for each call to Plaintiff, and for his attorney fees and costs.  As set forth above Defendants' conduct was knowing and/or willful.

FOURTH SET OF CLAIMS FOR RELIEF  -  FDCPA Violations

48. Defendants caused Plaintiff's telephone to ring or engaged him in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass a person at the called number in violation of  15 U.S.C. § 1692d.

49. Defendants violated 15 U.S.C. § 1692b by continuing to call and communicate with Plaintiff when Defendants had no reasonable basis to believe Defendants would locate Patricia by calling Plaintiff.

50. Plaintiff hereby brings this action pursuant to 15 U.S.C. § 1692k to recover his statutory damages in the amount of $1000 plus his reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for entry of judgment for his actual, nominal or statutory and exemplary damages and for such other and further relief as the court deems just, proper and lawful including treble statutory damages.  Plaintiff requests an award of his attorney fees and costs.

RESPECTFULLY  SUBMITTED,

By:   /s/  Sid  Childress
_____
Sid Childress, Lawyer
PO  Box  2327
Santa  Fe,  NM  87504
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

    I caused this document and all Exhibits to be served in accordance with D.N.M.LR-CIV. 5.1 by filing it through the Court's CM/ECF electronic filing system.

/s/  Sid  Childress
_____